

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-19-2006

# Trustees Boston v. Ligand Pharm

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4449

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Trustees Boston v. Ligand Pharm" (2006). *2006 Decisions.* Paper 1741.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1741

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 03-4449, 04-1358

_____


TRUSTEES OF BOSTON UNIVERSITY;
LEON C. HIRSCH; TURI JOSEFSEN;
GERALD CASSIDY; LORETTA P. CASSIDY


v.

LIGAND PHARMACEUTICALS, INC.,

Appellant


On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 02-cv-01312)
Chief District Judge:  The Honorable Sue L. Robinson

_____


ARGUED JUNE 29, 2005

Before: SMITH, FISHER, and *NYGAARD, Circuit Judges.


(Filed January 19, 2006)


*Judge Nygaard assumed senior status July 9, 2005.

William F. Sullivan Esq. (ARGUED)
Colleen E. Huschke, Esq.
Paul, Hastings, Janofsky & Walker
3579 Valley Centre
San Diego, CA 92130

Arthur L. Dent, Esq.
Potter, Anderson & Corroon
1313 North Market Street
6th Floor, P. O. Box 951
Wilmington, DE 19801

Counsel for Appellant

John F. Sylvia, Esq. (ARGUED)
Paul P. Poth, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo
One Financial Center
Boston, MA 02111

William O. LaMotte, III, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899

Counsel for Appellees

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

This is a breach of contract action disputing Appellant Ligand Pharmaceuticals'

right to withhold $2.1 million of the consideration due to Appellees[1] ("Trustees") under

---

1       Appellees, all former shareholders of Seragen, Inc., include Trustees of Boston
(continued...)

the terms of a Merger Agreement. The specific dispute centers on how to interpret the definition of "Parent Damages" in Section 8.1(d) of the Merger Agreement. The District Court granted summary judgment in favor of Trustees, awarded prejudgment interest to Trustees and granted the Trustees' motion to amend the judgment. On appeal, Ligand argues that the District Court erred on all three aspects. Additionally, Ligand claims that the District Court inappropriately disregarded evidence of fees and costs Ligand has incurred in defense of the *Oliver* litigation in calculating the amount of prejudgment interest due. We will affirm.

In May 1998, Ligand and Seragen, Inc. entered into a Merger Agreement, which provided that Seragen would merge into a wholly-owned subsidiary of Ligand. As consideration for the merger, Ligand was obligated to make certain payments to the former shareholders of Seragen. The Merger Agreement provided for an initial payment of $30 million in cash and Ligand common stock and a contingent payment of $37 million in the event that Ligand received final FDA approval for Seragen's lead development drug candidate. The latter payment constituted the "Milestone Consideration."

The Merger Agreement provides that Ligand shall have the right to set-off each stakeholder's Milestone Consideration due under the Agreement by the amount of Parent

---

(...continued)
University, Leon C. Hirsch, Turi Josefsen, Gerald Cassidy, and Loretta P. Cassidy.

3

Damages if the amount of aggregate Parent Damages exceeds $250,000. Section 8.1(d) of the Merger Agreement defines "Parent Damages" as:

> Any and all losses, damages, liabilities, obligations, claims, demands, judgments, settlements, governmental investigations, taxes, costs and expenses of any nature whatsoever, including the reasonable fees and expenses of attorneys, accountants and consultants resulting from, arising out of or attributable to a breach of the Company's representations, warranties, covenants, and agreements under this Agreement.

Ligand obtained final FDA approval and the Milestone Consideration became due no later than August 5, 1999. On or about July 27, 1999, Ligand sent notices to Trustees of its intent to withhold approximately $2.1 million from the Milestone Consideration. In support of its position, Ligand claimed that it would suffer Parent Damages as a result of the claims against it in the *Oliver* litigation. That suit was filed by Seragen's common shareholders in the Delaware Court of Chancery. Although the case remains pending, the Court of Chancery dismissed all claims against Seragen and Ligand on July 25, 2000.

When Ligand withheld part of the Milestone Consideration, Trustees filed an action in the United States District Court for the District of Massachusetts, pleading three counts: breach of contract, breach of implied covenant of good faith and fair dealing and unfair and deceptive trade practices. Upon petition and agreement among all parties, the

4

case was transferred to the United States District Court for the District of Delaware.

After the transfer, the District Court granted Ligand's motion to dismiss the third count after converting it to a motion for summary judgment. Thereafter, Ligand filed a summary judgment motion on the remaining two claims, and Trustees filed a cross motion for summary judgment. The District Court granted Trustees' cross motion for summary judgment on November 5, 2003 under the "Parent Damages" clause. The Court held that "claims" and "demands" required that a specific amount had to have been "judged due and owing" at the time of withholding. Because Ligand conceded, in its reply brief filed September 22, 2003, that it had neither paid any amounts to the *Oliver* litigation plaintiffs nor incurred more than $250,000 in fees and costs in defense of the litigation as of that date, the Court denied Ligand's motion for summary judgment.

On November 14, 2003, Trustees filed a motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure seeking reimbursement of the withheld portion of the Milestone Consideration and prejudgment interest. In response, Ligand argued that it was entitled to deduct from the Milestone Consideration fees and costs incurred to date in defense of the *Oliver* litigation. Ligand provided an affidavit by its General Counsel declaring that Ligand had incurred $567,100.71 in fees and costs in defense of the *Oliver* litigation as of November 14, 2003. On January 9, the District Court granted Trustees' motion and found that prejudgment interest was due, appropriately calculated from August 9, 1999. The District Court did not consider Ligand's evidence

5

of fees and costs incurred as of the motion to amend date because it found the evidence to be untimely and unsupported by the record.

*A.      Claim for Potential Parent Damages*

The District Court concluded that Ligand could not lawfully retain the $2.1 million that it withheld from Trustees. Ligand's sole reason for withholding Trustees' funds is that the *Oliver* litigation may someday result in liability. Specifically, Ligand argues that the "threat" that it will be obligated to pay compensation and Seragen's "potential" indemnification obligations justifies withholding a portion of the Milestone Consideration. However, the Merger Agreement language unambiguously provides withholding only for *actual* monetary loss suffered by Ligand. Under the Agreement, Ligand could set-off a portion of the Milestone Consideration only if it sustained actual monetary loss in excess of $250,000 as of August 5, 1999, the date the Milestone Consideration was due. Because Ligand conceded that it had neither paid any amounts to the *Oliver* litigation plaintiffs nor incurred more than $250,000 in fees, it is undisputed that Ligand sustained no actual money damages – damages due and owing – as of that date. The District Court's grant of summary judgment in favor of Trustees as to the potential Parent Damages was proper.[2]

---

2.      We do not address whether Ligand may, under section 8.1(a) of the Agreement, commence an independent action against Trustees to recover actual monetary losses incurred after August 5, 1999. The relevant issue for purposes of this appeal is whether, under section 8.1(b) of the Agreement, Ligand was entitled to offset these losses from the

(continued...)

6

B.     *Award of Prejudgment Interest*

Ligand also contends that the District Court abused its discretion by granting

Trustees' motion to amend the judgment.  Ligand concedes that a motion to amend

judgment is the proper means to calculate and award interest after judgment but disputes

the award of prejudgment interest because it is not specifically provided for in the Merger

Agreement.  This argument fails because prejudgment interest is available as a matter of

right under Delaware law.  *See Moskowitz v. Mayor and Council of Wilmington*, 391 A.2d

209 (Del. 1978).

The District Court properly granted prejudgment interest calculated from August 9,

1999 employing the method proposed by Trustees.  Because Ligand does not dispute that

Trustees commenced the lawsuit within the applicable statute of limitations, there simply

was no basis for reducing the interest award.  *Cf. Getty Oil Co., Inc. v. Catalytic, Inc.*, 509

A.2d 1123, 1125 (Del. Super. 1986).

C.     *Claim for Actual Monetary Loss*

Finally, the District Court did not err when it refused to consider evidence of

monetary loss presented in Ligand's motion in opposition to Trustees' motion to amend.

No new evidence may be introduced in a Rule 59(e) motion to amend judgment.  *United*

*States v. Contents of Accounting Nos. 3034504504 and 14407143 at Merrill, Lynch,*

---

2.     (...continued)
Milestone Consideration.

*Pierce, Fenner and Smith, Inc.,* 971 F.2d 974, 987 (3d Cir. 1992). For this reason, the District Court found Ligand's introduction of evidence of fees and costs incurred in defense of the *Oliver* litigation improper, untimely and unsupported by the record.

Ligand argues on appeal that because the District Court accepted Trustees' evidence of the specific amount withheld from and prejudgment interest due to each plaintiff presented in their Rule 59(e) motion, it should have accepted the affidavit by Ligand's General Counsel declaring that Ligand had, as of December 5, 2003, suffered $567,100.01 in fees and costs in defense of the *Oliver* litigation.

Ligand's argument fails. The evidence Trustees introduced in their Rule 59(e) motion was not new. Instead, it demonstrated the proper distribution of the withheld funds – funds to which the Court had already judged Trustees entitled. Since Trustees did not introduce new evidence, the District Court was not obligated to accept Ligand's evidence of fees and costs allegedly incurred in defense of the *Oliver* litigation. As noted, Ligand had previously unambiguously declared that it had not incurred more than $250,000 in fees and costs in defense of the *Oliver* litigation. Ligand cannot in response to Trustees' Rule 59(e) motion, attempt to correct its own procedural errors.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of Trustees.